

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 8, 1951

Hon. Chap. B. Cain
District Attorney
75th Judicial District
Liberty, Texas

Opinion No. V-1184.

Re: Applicability of the
Jury Wheel Law to
Liberty County under
the submitted fact⌐

Dear Mr. Cain:

Your request for an opinion relates to Articles 2094-2100, Vernon's Civil Statutes, commonly referred to as the "Jury Wheel Law."

Liberty County has a population in excess of 20,000 inhabitants and is a part of the 75th Judicial District of Texas. It is also a part of the recently created 88th Judicial District, which overlaps the 75th Judicial District.

You desire to know if the Jury Wheel Law is applicable to Liberty County by reason of the above facts.

Article 2094, V.C.S., provides:

"Between the first and fifteenth days of August of each year, in each county having a population of at least forty-six thousand (46,000), or having therein a city containing a population of at least twenty thousand (20,000), as shown by the last preceding Federal Census, and in each county having two (2) or more District Courts holding sessions therein, regardless of population, except as hereinafter provided, the tax collector or one of his deputies, together with the sheriff or one of his deputies, and the county clerk or one of his deputies, and the district clerk or one of his deputies, shall meet at the courthouse of their county and select from the list of qualified jurors of such county as show⌐ by the tax lists in the tax assessor's offi⌐⌐ for the current year, the jurors for service in the district and county courts of such county for the ensuing year, in the manner hereinafter provided.

"Provided, however, that the provisions
of this Act shall not apply to any county
having a population of less than twenty thou-
sand (20,000) inhabitants according to the
last preceding Federal Census when such coun-
ty is a part of two (2) or more Judicial Dis-
tricts which Judicial Districts embrace more
than two (2) counties."

It will be noted from the foregoing that in
each county having two or more district courts holding
sessions therein where the population is not less than
20,000 inhabitants, jurors shall be selected from the
list of qualified jurors of such county as shown by the
tax list and selected by the method outlined in Articles
2095-2100.  Therefore, it is our opinion that the Jury
Wheel Law is applicable to Liberty County.  This con-
clusion is further strengthened by reason of the fact
that the 1949 amendment to Article 2094 (S.B. 36, Acts
51st Leg., R.S. 1949, ch. 467, p. 868) contained the
following emergency clause:

"The fact that there are now some coun-
ties in Texas which do not have the popula-
tions provided in Article 2094, to require
selections of jurors from a jury wheel, but
have two or more District Courts, holding
sessions therein, where, at present, each
District Judge has to appoint separate jury
commissioners to select jurors for his par-
ticular court, and such proceeding results
in confusion and an unfair distribution of
jury service, and often in duplications in
the separate jury lists for such Courts,
create an emergency . . ."  (Emphasis added.)

It should be pointed out that a discrepancy ex-
ists between the Jury Wheel Law (Arts. 2094-2100, V.C.S.)
and the method prescribed for the selection of a special
venire (Arts. 591 and 592, V.C.C.P.).  Article 591 is ap-
plicable only to counties having a population of at least
58,000 inhabitants or having therein a city of 20,000 or
more population, whereas Article 592 applies to counties
which operate under the jury commission system.

Therefore, no specific provision exists for the
selection of special venires in Liberty County, which
comes under the Jury Wheel Law but which has a population
of less than 58,000 and does not have a city of 20,000 or
more inhabitants.

In Attorney General's Opinion V-952 (1949), it was said:

"Since there is no specific provision for the selection of a Special Venire in counties having a population between 46,000 and 58,000 and in view of Taylor v. State, a trial by jury will not fail but the court may supply the omissions.

"In capital cases we believe that as a practical matter, the provisions of Article 591 as to the selection of Special Venires are best suited to your county inasmuch as the selection of juries generally is under the Jury Wheel law.  (Art. 2094)."

## SUMMARY

Articles 2094-2100, V.C.S., commonly referred to as the "Jury Wheel Law," are applicable to Liberty County, such county having a population of more than 20,000 inhabitants and comprising a part of the 75th and 88th Judicial Districts.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant